Filed 11/6/20  P. v. Cuellar CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B302805 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA044882 |
| LEANDRO CUELLAR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael J. Shultz, Judge. Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2017, petitioner Leandro Cuellar pled no contest to voluntary manslaughter. In 2019, after the enactment of Senate Bill No. 1437 (S.B. 1437) (Stats. 2018, ch. 1015), Cuellar petitioned for resentencing under Penal Code section 1170.95.[1] The trial court summarily denied the petition on the ground that Cuellar was ineligible for relief because he was not convicted of murder. On appeal, Cuellar argues the court erred in both its legal conclusion and by not appointing counsel to represent him. We affirm.

## BACKGROUND

By information filed June 28, 2017, Cuellar was charged with one count of murder (§ 187, subd. (a)) in which a principal was armed with a firearm (§ 12022, subd. (a)(1)). The prosecution's theory was Cuellar aided and abetted the murder through his presence in a car that another man exited to commit a shooting. In lieu of trial, Cuellar pled no contest to voluntary manslaughter (§ 192, subd. (a)) and was sentenced to 11 years in prison.

In October 2019, Cuellar filed a petition for resentencing under section 1170.95. Cuellar asked the court to vacate his manslaughter conviction and resentence him under section 1170.95. He contended that the information filed against him allowed the prosecution to try him under a theory of felony murder or murder under the natural-and-probable-consequences doctrine, that he accepted a plea offer in lieu of a trial, and that he could not now be convicted of murder under the recent

---

[1] All undesignated statutory references are to the Penal Code.

changes to the Penal Code contained in S.B. 1437, of which section 1170.95 was a part. He asked the court to appoint counsel to represent him.

The court summarily denied the petition on the ground that Cuellar was not eligible for relief as a matter of law because he "was not convicted of murder. On or about September 7, 2017, [Cuellar] pleaded no contest or guilty to voluntary manslaughter (Penal Code section 192(a))."

Cuellar filed a timely notice of appeal.

## DISCUSSION

Cuellar argues that the court erred by summarily denying his petition without appointing counsel to represent him and by summarily denying his petition because he was convicted of manslaughter rather than murder. We disagree.

### 1. S.B. 1437

S.B. 1437, which took effect on January 1, 2019, changed the law of murder to ensure a "person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

First, S.B. 1437 limited accomplice liability for murder. Under prior California law, every accomplice to an enumerated felony could be convicted of first degree murder if a death occurred during the commission of that felony—regardless of whether the accused killed or intended to kill. (*See People v. Dillon* (1983) 34 Cal.3d 441, 462–472.) Similarly, "a defendant who aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but also of the resulting murder"—regardless of

3

whether he acted with malice aforethought. (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

Now, however, a person may be convicted of murder only if: (1) he was the actual killer; *or* (2) with the intent to kill, he aided and abetted the actual killer's commission of murder; *or* (3) he acted as a "major participant" in a felony listed in section 189 *and* acted with "reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3; § 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.)

Second, S.B. 1437 abolished second degree felony murder. (Stats. 2018, ch. 1015, § 2, amending § 188, subd. (e)(3).) Thus, the felony murder doctrine now applies only to those felonies listed in section 189, subdivision (a), and to accomplices who meet the requirements in section 189, subdivision (e).

In addition to changing the law of murder prospectively, S.B. 1437 gave people who had been convicted under one of the now-invalid theories the opportunity to petition for resentencing under newly-enacted section 1170.95. (Stats. 2018, ch. 1015, § 4.)

Section 1170.95, subdivision (a), describes who may petition for resentencing under the statute. Subdivision (b) explains what information the petition must contain, where the petitioner must file it, who the petitioner must serve, and what the court should do if it's incomplete. Subdivision (c) describes the process the court uses to determine whether the petitioner is entitled to an evidentiary hearing.[2] Finally, subdivisions (d)–(g)

---

[2] Section 1170.95, subdivision (c), provides in full: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve

4

describe the procedures for holding an evidentiary hearing, the type of evidence that may be admitted, the burden of proof, and the requirements for resentencing an eligible petitioner.

## 2. Cuellar's petition established that he was not eligible for relief.

Our state Supreme Court has granted review to determine what must occur—and in what order—after a trial court receives a complying petition but before it issues an order to show cause under section 1170.95, subdivision (c). (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.) So far, most appellate courts have held that subdivision (c) requires the trial courts to undertake two prima facie reviews before issuing an order to show cause—first, under the first sentence of the provision, "that the petitioner falls within the provisions of this section," and second, under the last sentence of the provision, that the petitioner "is entitled to relief"—and that it need not appoint counsel and the prosecution need not file a response until after the first prima facie review is complete. (§ 1170.95, subd. (c); see, e.g., *People v. Verdugo* (2020) 44 Cal.App.5th 320, 323, 329, review granted Mar. 18, 2020, S260493; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975–976.)

Another view is that the first sentence of section 1170.95, subdivision (c), states the rule—the " ' "court shall review the petition and determine if the petitioner has made a prima facie

_____

a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

showing that [he or she] falls within the provisions of this section" ' "—and " '[t]he rest of the subdivision establishes the process for complying with that rule: Appoint counsel, if requested. Wait for the prosecutor's required response and the petitioner's optional reply. If the petitioner makes a prima facie showing, issue an order to show cause.' " (*People v. Cooper* (2020) 54 Cal.App.5th 106, 115, quoting *People v. Tarkington* (2020) 49 Cal.App.5th 892, 911–927, review granted Aug. 12, 2020, S263219 (dis. opn. of Lavin, J.).)

Regardless of which view is correct, here, the face of Cuellar's petition established his ineligibility. (See *People v. Cooper*, *supra*, 54 Cal.App.5th at p. 123.) Under the plain language of section 1170.95, subdivision (a), the statute only applies to murder convictions. And in his resentencing petition, Cuellar stated that he pled guilty to voluntary manslaughter—a point he reiterates on appeal. Because defendants convicted of manslaughter are ineligible for relief as a matter of law, the court did not err in summarily denying his petition. (See *People v. Paige* (2020) 51 Cal.App.5th 194, 200–204.)

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, J.

WE CONCUR:


EDMON, P. J.


DHANIDINA, J.